UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

Chapter 13
Case No: 9:10-bk-__7562__-ALP

DEAN TESTA

        Debtors.
_____/

## CHAPTER 13 PLAN

The following is a summary of the Chapter 13 plan proposed by the above-named debtor(s). You should read this plan carefully and discuss it with your attorney, if you have one. If you do not have an attorney, you may wish to consult one. Confirmation of this plan, as modified by the Bankruptcy Court, may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim. Payments distributed by the trustee, as herein provided or as modified by the Court, are subject to the availability of funds.

If you do not want the Court to confirm this proposed plan of the debtor(s), or if you want the Court to consider your views on these matters, then you or your attorney must file with the Court a written objection to confirmation. Your objection to confirmation must include the specific reasons for your objection and must be filed with the Court in a timely manner. If you mail your objection to confirmation to the Court for filing, you must mail it early enough so that the Court will receive it in a timely fashion. You must also serve a copy of your objection to confirmation on the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee at their addresses as they are listed in the notice of the meeting of the creditors. If any objections to confirmation are filed with the Court, the objection party will provide written notice of the date, time and location of the hearing on the objection. No hearing will be held unless an objection to confirmation is filed.

If you or your attorney do not take these steps, the Court may decide that you do not oppose this proposed plan of the debtor(s) and may enter an order confirming this plan.

## SUMMARY

**PLAN PAYMENTS AND LENGTH OF PLAN:** The Debtor(s) will pay the trustee by money order or cashier's check following the filing of this Chapter 13 plan the sum of $ __1,100.00__ per month for __60__ months, or longer to a maximum of 60 months. Each pre-confirmation plan payment will include, other than regular ongoing mortgage payments, all adequate protection payments made pursuant to §1326(a)(1)(C).

**CLAIMS GENERALLY:** The amounts listed for claims in this plan are based upon Debtor(s)' best estimate and belief.

a.      The trustee will only distribute payments, including adequate protection payments, to creditors who have actually <u>filed</u> proofs of claim (including adequate proof of security) with the Court that are deemed allowed pursuant to 11 U.S.C. Section 502(a). However, if a creditor does not file a timely proof of the creditor's claim, then either the debtor or the trustee may file a claim as provided for by 11 U.S.C. Section 501(c) and that claim will be deemed the claim for all purposes under this plan.

b.      The trustee will mail payments to the address provided on the proof of claim <u>unless</u> the claimant provides the trustee with another address in writing for payments to be sent. If the claim is assigned or transferred, the trustee will continue to remit payments to the original claimant until a formal notice of assignment or transfer is filed with the Court.

**ADMINISTRATIVE CLAIMS:** The trustee will pay in full allowed administrative claims and expenses pursuant to §507(a)(2) as set forth below, unless the holder of any claim or expense has agreed to a different treatment of its claim.
NONE _____

**TRUSTEES FEES:** The trustee will receive a fee for each disbursement, the percentage of which is fixed periodically by the United States Trustee.

**ADMINISTRATIVE CLAIM**
**FOR ATTORNEY'S FEES FOR DEBTOR(S)' COUNSEL PAID IN PLAN:**

| Total Amount of Attorneys' fees | Amount Paid Through Plan |
|---|---|
| $3,000.00 | $ 1,500.00 |

**THE ATTORNEY'S FEE TO BE PAID UNDER THE PLAN SHALL BE PAID IN THE AMOUNT OF $100 PER MONTH UNTIL PAID IN FULL.**

**PRIORITY CLAIMS:**

**(A) Domestic Support Obligations:** Debtor(s) are required to pay all post-petition domestic support obligations directly to the holder of the claim. Unless otherwise specified in this plan, the following priority claims under 11 U.S.C§507(a)(1), domestic support obligations, will be paid in full pursuant to 11 U.S.C§1322(a)(2). These claims will be paid at the time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

Pursuant to §507(a)(1)(B) and §1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit, and/or not assigned to the entity for the purpose of collection.

**Claimant and Proposed Treatment:**
NONE

**(B) Other Priority Claims (e.g., tax claims):** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| Name of Creditor | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

**SECURED CLAIMS:**

**Pre-Confirmation Adequate Protection Payments:** No later than 30 days after the date of the filing of this plan or the Order for Relief, whichever is earlier, the Debtor(s) will make the following adequate protection payments to creditors pursuant to §1326(a)(1)(C). If the Debtor(s) make these adequate protection payments on allowed claims to the trustee pending confirmation of this plan, the creditor will have an administrative lien on the payment(s), subject to objection. If Debtor(s) elect to make adequate protection payments directly to the creditor, and the creditor is not otherwise paid through this plan, upon confirmation, claims will be neither dealt with nor affected by this plan as confirmed.

| Name of Creditor | Total Est. Claim | Ad. Protection Payment in Plan |
|---|---|---|
| Wells Fargo Hm Mortgage | $111,036 | PAID DIRECT BY MOTION |

**(A)     Claims Secured by Real Property Debtor(s) Intend to Retain / Mortgage Payments Paid Through Plan:** Debtor(s) will make all post-petition mortgage payments to the trustee as part of this plan. These regular monthly mortgage payments may need to be adjusted up or down as provided for under the loan documents. If the Debtor(s) receive notice of a payment adjustment, that notice should be forwarded to the trustee immediately. The trustee will pay the post-petition mortgage payments on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

**(B)** **Claims Secured by Real Property Debtor(s) Intend to Retain / Arrearages Paid Through Plan:**
Debtor(s) will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning on the first due date after the case is filed and continuing each month thereafter. The trustee will pay the pre-petition arrearages on the following mortgage claims:

| Name of Creditor/Security | Total Est. Claim | Estimated Payment |
|---|---|---|
| NONE | | |

**(C)** **Claims to Which §506 Valuation is NOT Applicable:** Debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. Upon confirmation of this plan, the interest rate and value shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court. Payments distributed by the trustee are subject to the availability of funds. Upon timely written objection filed by a creditor, the Debtor(s) may elect to surrender the property to the creditor in full satisfaction of the value of the collateral indicated in the creditor's claim.

| Name of Creditor/Security | Ad. Prot Pmt. in Plan | Value | Int. Rate – | Total to be Pd. |
|---|---|---|---|---|
| Ford Motor Credit Corporation / 2008 Ford Explorer Sport Trac | | | | PAID DIRECT BY MOTION |

**(D)** **Claims to Which §506 Valuation is Applicable:**

| Name of Creditor/Security | Ad. Prot Pmt. in Plan – | Value | Int. Rate – | Total to be Pd. |
|---|---|---|---|---|
| NONE | | | | |

Secured Claims on Personal Property – Balance Including any Arrearage Paid in Plan:

NONE

| Name of Creditor/Security | Est. Amount | Int. Rate | Total to be Paid |
|---|---|---|---|

**Surrender of Collateral:** Debtor(s) will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in this plan. Upon plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift the Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate debtor(s)' state law contract rights.

| Name of Creditor | Collateral to be Surrendered |
|---|---|
| Fifth Third Bank | 1109 SW 46th St., Cape Coral, FL 33914 |
| Lee County Tax Collector | 1109 SW 46th St., Cape Coral, FL 33914 |

**SECURED – LIENS TO BE AVOIDED:**

| Name of Creditor/Security | Estimated Amount |
|---|---|
| GMAC / 4117 SW 8th Ct, Cape Coral, FL 33914 | $ 48,998 |

Debtor will file a separate motion and/or adversary proceeding to avoid the 2nd deed of trust on the grounds that such lien is wholly unsecured and that the property located at 4117 SW 8th Ct, Cape Coral, FL 33914 will be valued at $ 67,850.00 for purposes of such motion/proceeding.

**LEASES/EXECUTORY CONTRACTS:**

| Name of Creditor/Security | Assume/Reject | Estimated Arrears |
|---|---|---|
| AT&T Mobility | ASSUME | UNKNOWN |
| Violet Vollrath | ASSUME | UNKNOWN |

**OTHER CREDITORS PAID IN FULL IN PLAN:**

| Name of Creditor | Description | Estimated Amount |
|---|---|---|
| NONE | | |

**UNSECURED CREDITORS:** Unsecured creditors with allowed claims will receive a pro rata share of the balance of any funds remaining after payments to the above-referenced creditors or will otherwise be paid pursuant to the provisions of a subsequent Order Confirming Plan. The estimated amount of monies to be distributed to the unsecured creditors is $ 57,900.00 .

**OTHER PROVISIONS:**

1. Secured creditors, whether or not dealt with under this plan, will retain the liens securing their claims.

2. Payments made to any creditor will be the amount allowed in a proof of claim filed by the creditor or other amount as may be allowed by a specific Order of the Bankruptcy Court.

3. Property of the estate will not vest in Debtor(s) until the earlier of Debtor(s)' discharge or dismissal of this case, unless the Court orders otherwise. Any and all pre-petition claims are committed to this Chapter 13 plan.

4. All secured creditors, including mortgage creditors, must be paid through this plan as part of the plan payment to the Chapter 13 trustee. The only exception will be; if a Debtor is current with a secured creditor, the Debtor may file a separate motion asking the court to allow them to make direct payments to that creditor. If the Debtor is allowed to make direct payments, the stay will be lifted as to that property and creditor, but the Bankruptcy Court will retain jurisdiction over any and all disputes with creditors.

5. To receive payment from the trustee, either prior to or following confirmation, a secured creditor must file a proof of claim. Secured claims that are not filed within the time period required by Federal Bankruptcy Rule 3002(c) may be disallowed or subordinated to the other claims upon further order of the Court.

6. Confirmation of this plan does not bar a party in interest from objecting to a claim that is not filed in accordance with Federal Bankruptcy Rules 3001 or 3002.

7. Unless otherwise ordered, any creditor holding a claim secured by property that is removed from the protection of the automatic stay, whether by judicial action, voluntary surrender, or though operation of this plan, will receive no further distribution from the trustee, unless an itemized proof of claim for any deficiency is filed within one-hundred twenty (120) days after the removal of the property from the protection of the automatic stay. For purposes hereof, the removal date will be the date of the entry of the order confirming this plan, modifying this plan, or granting relief from stay. This also applies to creditors who may claim an interest in, or lien upon, property that is removed from the protection of the automatic stay of another lien holder or released to another lien holder.

8. If a claim is listed in this plan as secured and the creditor files a proof of claim as an unsecured creditor, the creditor will be treated as unsecured for purposes of distribution and for any other purpose under this plan.

9. Property of the estate includes all of the property specified in 11 U.S.C. Section 541 and all property of the kind specified therein that is acquired by the debtor after commencement of the case but before the case is closed, dismissed or likewise converted to one under another chapter of the Code.

10. To receive a pre-confirmation adequate protection payment from the trustee, as provided for by the Code, the secured creditor must file a proof of claim.

11. This plan provides for the payment of all filed and allowed contingent claims at the same percentage as this plan pays to the other unsecured creditors. For purposes of this plan, all contingent claims will be deemed to have an estimated value of $100.

12. Acceptance by creditors of payments under this plan and/or failure of any creditor to file an objection to confirmation of this plan herein, constitutes waiver of any right(s) of the creditor(s) to seek enforcement of any arbitration agreement and constitutes consent to the removal of any arbitration clause from any type of contract or contract with the debtor(s) herein.

13. Confirmation of this plan will impose a duty on the holders and/or services of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to the arrearages; to deem the pre-petition arrearages as contractually cured by the confirmation; to apply the direct mortgage payments, if any, paid by the trustee or by the debtor(s) to the month in which they were made under this plan or directly by the debtor(s), whether the payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtor(s) and the attorney for the debtor(s) of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtor(s) and attorney for the debtor(s) of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C Section 524(i).

14. All contractual provisions regarding arbitration or alternative dispute resolution are rejected in connection with the administration of this Chapter 13 case.

**Legal Fees, Costs and Charges:** The debtor, the debtor's property and property of the estate are not liable for a fee, costs, or charge that arises from a security interest that is secured by the debtor's principal residence and that is incurred while the case is pending or as a result of the filing of the case except to the extent that the holder of such Claim files with the court and serves on the debtor and the attorney for the debtor a detailed and specific written notice of such fee (with supporting actual time and expense records), cost or charge before the earlier of:

(a) 1 year after the fee, cost, or charge is incurred; or

(b) 60 days before the closing of the case; and

(c) Such fee, cost or charge is lawful under applicable non-bankruptcy law, reasonable, necessary, and provided for in the agreement secured by such security interest; and

(d) Such requested fee, cost or charge in no event shall be greater than the actual fee, cost or charge incurred and paid or agreed to be paid; and

**Right to Hearing.** The debtor shall have 30 days after service of any such notice to file a written objection to the requested fee, cost or charge and move the court for a hearing thereon. The Chapter 13 Trustee or the United States Trustee shall also have standing to file such an objection within the time stated. If no such timely objection is filed, then the court may consider on the record and enter any appropriate order with respect to the same. If an objection is filed, then no order shall be entered until the matter is heard by the court and an appropriate order entered.

**Waiver of Fee, Charge or Cost.** The failure of a party to give the notice described herein shall be deemed a waiver of any claim for fees, costs, or charges described in this paragraph for all purposes, and any attempt to collect such fees, costs, or charges shall constitute a violation of this plan provision and a violation of Section 362(a) if the conduct occurs during the case and of 524(a)(2) if the conduct occurs after the date of discharge. Such claims shall be in addition to any other claims for violations of any other applicable non-bankruptcy aw.

I declare under penalty of perjury that I/we have read this Chapter 13 plan, and the information provided in the Chapter 13 plan was provided by me/us and all matters set forth herein are true and correct.

Debtor: _____     Dated: 3/31/2010
Dean Testa

{0799991-007 00049381.DOC;1}5

## PLAN SUMMARY

Priority:
None                                                                 None

Secured creditors:
Wells Fargo Hm Mortgage                                              PAID DIRECT BY MOTION
Ford Motor Credit Corporation                                        PAID DIRECT BY MOTION

Attorneys Fees:

$3,000.00                                                            $ 1,500.00

Distribution to unsecured:                                           $ 57,900.00

Trustee's Fee – 10% Monthly                                          $ 6,600.00

Plan payments $ 1,100.00  x  60  months = $ 66,000.00